GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| JOHNATHAN C. BOLTON | 9650-0 |
| jbolton@goodsill.com | |
| WAYNE R. WAGNER | 10012-0 |
| wwagner@goodsill.com | |
| LAUREN K. CHUN | 10196-0 |
| lchun@goodsill.com | |
| DYLAN J. TASCHNER | 10618-0 |
| dtaschner@goodsill.com | |

999 Bishop Street, Suite 1600
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
HSBC BANK USA, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY VIRGIL PARESA, JR.,<br><br>           Plaintiff,<br><br>   vs.<br><br>HSBC BANK USA, N.A. and DOE DEFENDANTS 1-50,<br><br>           Defendants. | CIVIL NO. 17-00248-DKW/RLP<br><br>DEFENDANT HSBC BANK USA, N.A.'S **SEPARATE AND CONCISE COUNTER-STATEMENT IN SUPPORT OF MEMORANDUM IN OPPOSITION** TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST HSBC BANK USA, N.A. ON COUNT II OF COMPLAINT; DECL. OF COUNSEL; EXHIBITS "1" – "5"; DECL. OF SHAE SMITH; EXHIBITS "A" – "N"; CERTIFICATE OF SERVICE<br>(*caption continued on next page*) |

6671635.3

Hearing Date:
Date: March 15, 2018
Time: 9:30 a.m.
Judge: Hon. Derrick K. Watson

# DEFENDANT HSBC BANK USA, N.A.'S SEPARATE AND CONCISE COUNTER-STATEMENT IN SUPPORT OF MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST HSBC BANK USA, N.A. ON COUNT II OF COMPLAINT

COMES NOW Defendant HSBC BANK USA, N.A. ("HSBC"), by and through its undersigned attorneys, Goodsill Anderson Quinn & Stifel, a Limited Liability Law Partnership LLP, and pursuant to Local Rule 56.1, hereby submits its separate, concise counter-statement of material facts, as shown in chart form on the following pages.

## I.     AGREED FACTS

HSBC agrees with the following statements of fact ("SOF") contained in Plaintiff's Separate and Concise Statement of Material Facts in Support of Motion for Partial Summary Judgment Against HSBC Bank USA, N.A. on Count II of Complaint ("Plaintiff's CSOF"):  1, 2, 3, 4, 6, 7, 9, 10, 12, 13, 14, 15.

HSBC objects to the following SOFs:

| No. | Plaintiff's SOF | HSBC's Objection |
|---|---|---|
| 5. | "OneWest claimed to be a mortgagee or successor to a | Plaintiff may have cut and pasted this statement of fact from another case |

| No. | Plaintiff's SOF | HSBC's Objection |
|---|---|---|
| | mortgagee entitled under Hawaii Revised Statutes, Chapter 667 Part I (2008) to exercise the power of sale in the Plaintiffs Mortgage." | involving "One West." To HSBC's knowledge, OneWest is not a party to the instant action, is not affiliated with HSBC, and was not a servicer for the Mortgage. Plaintiff's reference to OneWest is erroneous. |
| 8. | The statement, "HSBC caused the Notice of Sale to be published to the public in *The Honolulu Star-Advertiser* on December 17, December 24 and December 31, 2010. This was the only public notice of the sale date and time and terms of sale that is reflected in HSBC's Affidavit of Foreclosure." | Admitted in part, denied in part. On January 28, 2011, at the place and time originally scheduled for the sale, HSBC's attorney publicly announced the sale was postponed to February 11, 2011. *See* HSBC Ex. 3. |
| 11. | The statement, "the Affidavit, which is required by law to show everything that was done, fails to show that the actual auction date (February 11, 2011) of Plaintiff's Property was published in a newspaper having a general circulation in the county in which the mortgaged Property was situated." | The quoted statement is disputed as an improper legal argument. |

## II. HSBC'S CONCISE STATEMENT OF FACTS IN SUPPORT OF MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| No. | Facts | Evidentiary Support |
|---|---|---|
| 1. | Plaintiff defaulted by failing to make required payments due under the Note and Mortgage. | *See* HSBC Exs. B, C, D, E, F, G[1]; HSBC Exs. 1. |
| 2. | Plaintiff's default under the Mortgage permitted HSBC to institute foreclosure proceedings on the Rental Property. | *See* HSBC Ex. A; HSBC Exs. 1, 2, 3.[2] |
| 3. | By December 30, 2010, Plaintiff had only paid down $3,764.15 of his $90,000.00 loan secured by the Rental Property. | *See* HSBC Ex. I. |
| 4. | As of January 28, 2011, the amount due and owing by Plaintiff to cure his default and reinstate the loan was $30,415.72. | *See* HSBC Ex. H. |
| 5. | On December 10, 2010, HSBC recorded a *Notice of Mortgagee's Intention to Foreclose Under Power of Sale* in the Bureau of Conveyances, and served this Notice on Plaintiff on December 14, 2010. This Notice of Sale gave Plaintiff actual notice that the foreclosure sale was to take place on January 28, 2011 at 12:00 noon at the flagpole of the First Circuit Court. | *See* HSBC Ex. A; HSBC Ex. 3. |

---

[1] HSBC's Exhibits A-N are attached to the Declaration of Shae Smith, incorporated herein.

[2] HSBC's Exhibits 1-5 are attached to the Declaration of Counsel, incorporated herein.

| No. | Facts | Evidentiary Support |
|---|---|---|
| 6. | Notice of the January 28, 2011 foreclosure sale was published in the Honolulu Star-Advertiser and MidWeek magazine on December 17, 24, and 31, 2010. | *See* HSBC Ex. 3. |
| 7. | On January 28, 2011, at the place and time originally scheduled for the sale, HSBC's attorney publicly announced the sale was postponed to February 11, 2011. | *See* HSBC Ex. 3. |
| 8. | Following Plaintiff's default and failure to cure the amounts due under the Note and Mortgage, the entire outstanding balancing of the Note and Mortgage on the Rental Property, plus all of the outstanding late charges, attorney's fees and costs, had become due. | *See* HSBC Ex. H; HSBC Ex. 1 at pps. 11, 13. |
| 9. | The foreclosure sale took place on February 11, 2011. | *See* Plaintiff's Ex. 6. |
| 10. | In the month just prior to the February 11, 2011 foreclosure sale, Plaintiff admitted his inability to pay the Note and Mortgage as follows: "I do not have any cash reserved or any liquid assets. My monthly debt payments are excessive and I have overextended myself with my creditors. With no liquid assets to draw upon, I was unable to cover my basic living expenses and my current mortgage." | *See* HSBC Ex. J. |

| No. | Facts | Evidentiary Support |
|---|---|---|
| 11. | On or around January 26, 2011, two days before the foreclosure sale scheduled for January 28, 2011, Plaintiff requested that HSBC postpone the sale by about 1 week. | *See* HSBC Ex. M. |
| 12. | HSBC granted Plaintiff's request to postpone the foreclosure sale, and rescheduled the foreclosure sale to February 11, 2011. Plaintiff was also duly notified of the continuance of the foreclosure sale and of the new foreclosure sale date, time, and location. | *See* HSBC Ex. M; HSBC Ex. 3. |
| 13. | The Mortgage provides, "If Lender invokes the power of sale, Lender shall give borrower notice of sale in the manner provided in Section 15." Section 15 of the Mortgage, entitled "Notices," provided that, "If any notice required by this Security Interest is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Interest," therefore permitting notice in accordance with Haw. Rev. Stat. chapter 667 (2008). | *See* HSBC Ex. 1. |
| 14. | HSBC provided a public announcement of the postponement pursuant to Section 15 of the Mortgage. | *See* HSBC Ex. 1.; Plaintiff's Ex. 6. |
| 15. | At the February 11, 2011 foreclosure sale, the Rental Property was sold to HSBC by | *See* HSBC Ex. 3 at pp. 4. |

6

| No. | Facts | Evidentiary Support |
|---|---|---|
|  | way of credit bid of $102,000.00, the highest bid at the auction |  |
| 16. | Plaintiff did not tender the amount required to cure the default prior to the February 11, 2011 foreclosure sale, did not attend the February 11, 2011 foreclosure sale, and did not attempt to purchase the Rental Property at the February 11, 2011 Foreclosure Sale. | *See* HSBC Ex. 4. |
| 17. | In April 2011, the Rental Property's fair market value was appraised to be $120,000.00. | *See* HSBC Ex. K. |

DATED: Honolulu, Hawai'i, February 22, 2018.

/s/ Johnathan C. Bolton
JOHNATHAN C. BOLTON
WAYNE R. WAGNER
LAUREN K. CHUN
DYLAN J. TASCHNER

Attorneys for Defendant
HSBC BANK USA, N.A.